Judge Underwood
delivered the opinion of the Court.
Foster tiled his bill in the Gallatin circuit court, to procure a conveyance of the legal title to a lot in Port William, from Craig. The bill exhibits a bond executed by Benjamin Craig, who is stated to be one of the original proprietors of the town, hearing date in 1797, and binding him to make or cause to be made, a good title for the lot, to Jonathan Wallace. In October, 1799,"Wallace assigned the bond to John Bullock, who, in November of the same year, assigned it,to the plaintiff in error, who obtained a conveyance from the trustees of the town, investing him with the legal title. Foster claimed the lot under Elijah Craig, dec’d. but under what kind of contract, whether- written or parol, is not stated, nor does it appear. Neither is the consideration paid by Foster to Elijah Craig, stated or made to appear in proof. A deed to Foster for the lot, executed by Merritt S. and John Craig, alleged to be the. *286 heirs of Elijah Craig, is exhibited, dated in l-,825tf. There is an affidavit filed, made by H. Bullock, which states that “he delivered a bond to George Craig, for lot No. 205,. on the 25th day of November, 1799.”' There is also an affidavit of George Craig, (who is the .plaintiff in error) which, from its terms, was probably endorsed on Bulloclds affidavit, and which states that he had lost or. mislaid the bond delivered to him by Bullock, and that the bond was the property of Elijah Craig. These affidavits were made in 1807.
I’o obtain conveyance of town lo(, oompl’nt. should shew, written contract.
Craig resists the relief sought,and refuses to con--vey the lot upon the ground thafElijah Craig owed him: says he is willing to.conv.ey if Foster, will pay the debt. . Says he has no knowledge of the contract-between Foster and Elijah Craig; does not know whether it was parol or in wriling;, calls on the corn: plainant for proof, and. relies on the statute of frauds-*
The circuit court decreed that Craig should convey the lot to Foster. To reverse which decree, this-writ of error has been prosecuted with supersedeas.
The decree must be reversed, because Foster has-not shown any contract, between him and Elijah Craig, which a court of chancery could specifically enforce,, and because Elijah Craig’s hei.rs were necessary parties. It is said that his heirs have-eonveyed to Foster,, and that supersedes, the necessity of having made them parties» There might be force in the remark, if there was any proof that the persons who executed (he deed,.styling themselves heirs of Elijah Craig, were really what they assumed to be. But there is' no proof, ■ it is set out in the- bill and it is not noticed in tile answer. We apprehend that the silence of the answer- on the subject, cannot be taken as an admission of the fact, because the bill does- not allege that the plaintiff in error, had- personal knowledge who were the heirs, and in the absence of such an allegation, we cannot presume the fact,.to be within-the knowledge of Craig, so as to take it for confessed without proof. We are, therefore, of opinion that the complainant in the circuit court, defendant hers,, has failed to show himself entitled-to relief.
Sanders, for plaintiff; Munroe, for defendant.
Wherefore, the decree is reversed, and the cause -remanded, with directions to dismiss the bill without prejudice. , •
The plaintiff in error must recover his costs.